IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII ELECTRICIANS PENSION FUND, ET AL., | CIVIL NO. 16-00587 DKW-RLP |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST S.E. ELECTRICAL SERVICE, INC. |
| vs. | |
| S.E. ELECTRICAL SERVICE, INC., ET AL., | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST S.E. ELECTRICAL SERVICE, INC.[1]

Before the Court is Plaintiffs' Motion for Entry of Default Judgment Against S.E. Electrical Service, Inc., filed on May 19, 2017 ("Motion").  ECF No. 17.  Defendant was served with a copy of the Motion, but did not file an opposition or otherwise respond to the Motion.  See ECF No. 17-9.  The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 18.  After careful consideration of the Motion, the declaration, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

BACKGROUND

Plaintiffs filed their Complaint against Defendant on October 31, 2016. ECF No. 1, Compl. The Complaint asserts a claim for withdrawal liability under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1381. Id. Plaintiffs are the trustees of a multiemployer benefit pension plan within the meaning of ERISA, 29 U.S.C. § 1002(37)(A). Id. ¶ 2. Plaintiffs are the fiduciaries of the pension fund within the meaning of ERISA, 29 U.S.C. § 1102(21)(A). Id. ¶ 1.

Defendant is a Hawaii corporation and an "employer" within the meaning of ERISA. Id. ¶¶ 6-7. Defendant was bound by collective bargaining agreements with Local Union No. 1186 of the International Brotherhood of Electrical Workers, AFL-CIO, effective August 15, 2005 through August 28, 2010, which were subsequently renewed through 2016. Id. ¶¶ 9-17. In May 2012, Defendant ceased payments of contributions to the pension fund resulting in a complete withdrawal from the pension fund. Id. ¶¶ 19, 22. On August 28, 2014, Plaintiffs notified Defendant of its withdrawal liability, requesting payment of $44,631.00. Id. ¶¶ 24-25. Defendant did not respond within the 90-day statutory period to dispute the accounting provided. Id. ¶¶ 29-31; ECF No. 1-1. On March 30, 2016, Plaintiffs notified Defendant of its failure to pay and demanded that Defendant cure its failure within 60 days. Id. ¶ 33; ECF No. 1-3. Defendant failed to make

any withdrawal liability payments to Plaintiffs.  Id. ¶¶ 34-35.

Plaintiffs commenced this action on October 31, 2016. Id.  The Clerk entered default against Defendant on April 14, 2017.  ECF No. 14.  The present Motion followed.

## ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

>     (5)  the possibility of a dispute concerning
>          material facts;
>
>     (6)  whether the default was due to excusable
>          neglect; and
>
>     (7)  the strong policy underlying the Federal
>          Rules of Civil Procedure favoring
>          decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

    **A.   Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can

later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). First, the Court has subject matter jurisdiction over Plaintiffs' claim for withdrawal liability under ERISA. See 29 U.S.C. §§ 1401(b)(1). Second, the Court has personal jurisdiction over Defendant. Personal jurisdiction can be acquired by personal service or by a defendant's "minimum contacts" with the jurisdiction. Cripps, 980 F.2d at 1267 (citing Burnham v. Superior Court of Cal., 495 U.S. 604 (1990)). Here, Plaintiffs filed a signed waiver of service form on January 27, 2017. ECF No. 11; Fed. R. Civ. P. 4(d)(5) ("When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver"). This service is sufficient to establish jurisdiction over Defendant.

### B. **Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above. The Court will address each factor in turn.

#### 1. **The Possibility of Prejudice to Plaintiffs**

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D.

5

Cal. 2002). Here, absent entry of default judgment, Plaintiffs would be without another recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

**2. Merits of Plaintiffs' Substantive Claims**

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.

Here, Plaintiffs assert a claim for withdrawal liability against Defendant. Under ERISA, "if an employer withdraws from a multiemployer pension plan . . . then the employer is liable to the plan in the amount determined . . . to be the withdrawal liability." 29 U.S.C. § 1381. Plaintiffs were obligated to determine the amount of Defendant's withdrawal liability, notify Defendant of that liability, and then collect that amount. See 29 U.S.C. § 1382. Plaintiffs notified Defendant of its withdrawal liability and requested payment $44,631.00 on August 28, 2014. ECF No. 1 ¶¶ 24-25; ECF No. 1-1. Defendant did not respond within the 90-day statutory period to dispute the calculation. ECF No. 1 ¶¶ 29-31. On March 30, 2016, Plaintiffs notified Defendant of its failure to pay and demanded that Defendant cure its failure within 60 days. Id. ¶ 33; ECF No. 1-3. Defendant failed to make any withdrawal liability payments to Plaintiffs. Id. ¶¶ 34-35. Therefore, the Court

finds that Plaintiffs have stated a sufficient cause of action for withdrawal liability under ERISA. Accordingly, this factor weighs in favor default judgment.

### 3. Sufficiency of the Complaint

As detailed above, the allegations in the Complaint are sufficiently pled and supported by the documents filed with the Complaint, which weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiffs seek $44,631.00 for withdrawal liability and $7,819.75 in interest. ECF No. 17-1 at 12. Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct in failing to pay its withdrawal liability. The Court finds that this factor weighs in favor default judgment against Defendant.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair amount of time to answer the Complaint and deny the allegations therein; Defendant has not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, the Court finds that

this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Plaintiffs served Defendant on January 27, 2017. ECF No. 11. Defendant did not file a response to Plaintiffs' Complaint. In addition, Plaintiffs served Defendant with notice of this Motion. ECF No. 17-9. Despite ample notice of this lawsuit and Plaintiffs' intention to seek a default judgment, Defendant has not appeared in this matter to date. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before

8

this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of <u>Eitel</u> Factors

The Court finds that the totality of the factors weighs in favor of entering default judgment in Plaintiffs' favor and against Defendant.

## C. Damages

Plaintiffs request (1) $44,631.00 for withdrawal liability; and (2) $7,819.75 in interest. ECF No. 17-1 at 11-12. Each category of requested relief is addressed below.

### 1. Withdrawal Liability

Plaintiffs contend that Defendant's withdrawal liability is $44,631.00. ECF No. 17-1 at 10-11. In support of this contention, Plaintiffs submitted the Declaration of Travis Umemoto, Plaintiffs' administrator, which details the calculation of Defendant's withdrawal liability. ECF No. 17-2 ¶¶ 7-10; ECF Nos. 17-7, 17-8. The Court finds Plaintiffs have established damages in the amount of $44,631.00 for withdrawal liability.

### 2. Interest

Plaintiffs also seek interest of $7,819.75. ERISA expressly allows for the collection of "accrued interest on the total outstanding liability from the due date of the first payment which was not timely made" for withdrawal liability payments. See 29 U.S.C. § 1399(c)(5). The statute further

provides that interest "shall be charged at rates based on prevailing market rates for comparable obligations." 29 U.S.C. § 1399(c)(6). Based on Plaintiffs' documentation and the applicable statutory provision, the Court finds that Plaintiffs have established their entitlement to interest in the amount of $7,819.75.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED as follows:

(1) Plaintiffs' request for default judgment against S.E. Electrical Service, Inc. be GRANTED; and

(2) Plaintiffs be awarded damages in the amount of $44,631.00 for withdrawal liability and $7,819.75 for interest against S.E. Electrical Service, Inc.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 2, 2017.

_____
Richard L. Puglisi
United States Magistrate Judge

**HAWAII ELECTRICIANS PENSION FUND, ET AL. v. S.E. ELECTRICAL SERVICE, INC., ET AL.;** CIVIL NO. 16-00587 DKW-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST S.E. ELECTRICAL SERVICE, INC.